**PUBLIC OFFICERS**

GOVERNOR – GOVERNOR NEED NOT PERSONALLY ADMINISTER
OATH TO OFFICER WHO QUALIFIES "BEFORE THE
GOVERNOR"

April 28, 1995

*The Honorable John T. Willis*
*Secretary of State*

You have requested our interpretation of Article I, §10 of the Maryland Constitution, which describes the methods by which public officers may qualify. Specifically, you asked the following question: When Article I, §10 refers to an officer's qualifying "before the Governor of the State," does the provision mean that the Governor must read the oath personally, or does the provision allow the Governor to direct someone else to read the oath in his presence?[1]

For the reasons stated below, we conclude as follows: An officer properly qualifies "before the Governor" if the officer takes the oath in the presence of the Governor. The Governor need not personally administer the oath.

**I**

**The Qualification Process**

Every elected or appointed official whose office is created by the Maryland Constitution or State statute qualifies for office by taking the oath prescribed by Article I, §9 of the Constitution. As Attorney General Burch pointed out some years ago, "the Court of Appeals has equated qualifying for office as taking the oath of office." 58 *Opinions of the Attorney General* 683, 686 (1973). *See, e.g., Archer v. State*, 74 Md. 410 (1891); *Harwood v. Marshall*, 10

---

[1] You also asked two questions related to an officer's qualifying before a clerk of court. We shall address these questions separately.

Md. 451 (1957); *Thomas v. Owens,* 4 Md. 189 (1853). *See also* 67 *Opinions of the Attorney General* 241, 242 (1982).[2]

Article I, §10 of the Constitution describes the process of qualification as follows:

> Any officer elected or appointed in pursuance of the provisions of this Constitution, may qualify, either according to the existing provisions of law, in relation to officers under the present Constitution, or before the Governor of the State, or before any Clerk of any Court of Record in any part of the State; but in case an officer shall qualify out of the County in which he resides, an official copy of his oath shall be filed and recorded in the Clerk's office of the Circuit Court of the County in which he may reside, or in the Clerk's office of the Superior Court in the City of Baltimore, if he shall reside therein.

This provision has been in the Constitution since 1867; no reported decision construes it.

## II

### The Role of the Governor

In 71 *Opinions of the Attorney General* 334 (1986), Attorney General Sachs analyzed the law applicable to the administration of the oath of office to a State's Attorney. In the course of that opinion, the Attorney General discussed the origins of what is now Article I, §10.[3] The Attorney General characterized the provision as a "catch-

---

[2] An officer who declines or neglects to take the prescribed oath within 30 days of the day when the officer's commission was received by the court clerk "shall be deemed to have refused said office." Article 70, §11 of the Maryland Code. *See* Article I, §11 of the Constitution.

[3] When first enacted in the Constitution of 1867, the provision was

(continued...)

all and transitional section," one that provides alternative ways in which a public officer may qualify. 71 *Opinions of the Attorney General* at 340-41.

As that opinion pointed out, Article I, §10 does not itself impose a duty on the Governor to administer the oath. The Governor is obliged to do so only when another constitutional or statutory provision requires him to participate. 71 *Opinions of the Attorney General* at 341-42.[4] However, the opinion did not consider the question whether the Governor is obliged to administer the oath personally when he does allow officers to qualify before him under Article I, §10.[5]

In our view, the phrase "before the Governor" means that the Governor must be present when the officer takes the oath; it does not mean that the Governor must personally administer the oath. The term "before," in this context, simply means "in the presence of." *See In Re Keller*, 36 F. 681, 684 (D. Minn 1888); *Hutchinson v. Stone*, 84 So. 151, 154 (Fla. 1920); *In Re Murphy*, 72 N.E. 2d 413, 418 (Mass. 1947); *State v. Murnane*, 215 N.W. 863, 864 (Minn. 1927); *Clone Component Distributors v. State*, 819 S.W.2d 593, 598 (Tex. App. 1991). As the Missouri Supreme Court observed about a statute requiring an affidavit to "be made before a magistrate," the requirement means "in the presence of the magistrate, not that he actually must administer the oath." *Ex parte Davis*, 62 S.W.2d 1086, 1088 (Mo. 1933). *Accord, People ex rel. Gilarmini v. Elrod*, 376 N.E.2d 53, 55 (Ill. App. 1978). We have no reason to think that the Court of Appeals would view the issue differently.

---

[3] (...continued)
§10 of Article XV. It was transferred to its present location by Chapter 681 of the Laws of Maryland 1977 (ratified November 4, 1978).

[4] For example, Article V, §2 of the Constitution specifically directs the Governor to administer the oath of office to the Attorney General.

[5] In a footnote, the Attorney General assumed that a statute requiring various officers to "take and subscribe the ... oath before the Governor" was synonymous with the Governor's "administer[ing] the oath." 71 *Opinions of the Attorney General* at 342, n.13 (citing Article 70, §2). This particular question was neither posed nor explicitly considered, however.

# III

## Conclusion

In summary, it is our opinion that the Governor must be physically present when an officer qualifies "before the Governor," but the Governor need not himself administer the oath of office.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*